**Margaret STRASSBERG,**
**Plaintiff–Appellant,**

v.

**HILTON HOTELS CORP.,**
**Defendant–Appellee.**

**Docket No. 01–7285.**

United States Court of Appeals,
Second Circuit.

March 27, 2002.

Eric A. Klein, New York, NY, for Appellant.

John D. Giansello, New York, NY, for Appellee.

Present SACK, B.D. PARKER, and GIBSON,* Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Margaret Strassberg appeals a February 14, 2001 judgment dismissing her Title VII and Age Discrimination in Employment claims on a Fed.R.Civ.P. 56 motion for summary judgment, and a June 26, 2001 memorandum and order dismissing her Fed.R.Civ.P. 60(b) motion for relief from judgment. Strassberg's appeal is devoid of merit. The parties are already fully familiar with the facts underlying, and procedural history of, this appeal.

■ "The same standards govern disparate treatment claims arising under either Title VII or the ADEA." *Brennan v. Metropolitan Opera Ass'n Inc.*, 192 F.3d 310, 316 (2d Cir.1999). A prima facie case under the ADEA requires a plaintiff to show that: "(1) he [or she] is a member of the protected class; (2) he [or she] is qualified for his [or her] position; (3) he [or she] has suffered an adverse employment action; and (4) the circumstances surrounding the action give rise to an inference of age discrimination." *Abdu–Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir.2001) (footnotes omitted).

■ Strassberg fails to state a prima facie case. First, she fails to establish that an adverse employment action occurred. Strassberg cannot rely on the affidavits submitted after grant of summary judgment in an attempt to do so. "[F]actual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial." *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir.1996). Her affidavits submitted prior to the summary judgment motion do not establish that she was told that she would be called on September 17, 1999, or that she made any attempt to contact the defendant after September 16. Even were we to infer the defendant's intention to telephone her on September 16, Strassberg does not explain why she did not contact Hilton to ascertain the status of her application.

Second, Strassberg fails to establish that employees of the New York Hilton knew of her history with the Waldorf–Astoria. She presents no evidence that the Hilton telephoned the Waldorf–Astoria Hotel. Absence support other than "speculation and conjecture," her allegation that Hilton knew of, let alone acted on the basis of, past protected activity fails. *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 448 (2d Cir. 1999).

The defendant informs us further that Strassberg has filed five related suits, one in New York State court and the others in federal district court. *See, e.g., Strassberg v. N.Y. Hotel & Motel Trades Council*, 99–CV–10150, 2001 WL 103427, at *1, 2001 U.S. Dist. Lexis 1127, at *1 (S.D.N.Y. Feb.7, 2001) (noting that the complaint was the fourth filed by plaintiff in the Southern District); *see also Strassberg v. Hilton Hotel, Corp.*, 216 F.3d 1073 (2d Cir.2000), *aff'g* 99–CV–0683, 1999 WL

---

* The Honorable John R. Gibson of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

605467, 1999 U.S. Dist. Lexis 12309 (S.D.N.Y. Aug.11, 1999), *cert denied* 531 U.S. 1055, 121 S.Ct. 664, 148 L.Ed.2d 566 (2000); *Strassberg v. Hilton Hotels Corp.,* 173 F.3d 846 (2d Cir.1999), *aff'g* 95–CV–6235, 1997 WL 531314, 1997 U.S. Dist. LEXIS 12916 (S.D.N.Y. Aug.28, 1997); *Strassberg v. Hilton Hotels Corp.,* 00–CV–3120, 2001 WL 99855, 2001 U.S. Dist. Lexis 1119 (S.D.N.Y. Feb 7, 2001). When we review the history of Ms. Strassberg's litigation outlined above combined with the record and briefs on this appeal, which we regard as frivolous, we are given pause to question whether the litigation is being conducted in good faith or rather constitutes a continuing abuse of the courts and the judicial system. The defendant has not asked us to sanction the plaintiff, a choice we do not question. We nonetheless warn the plaintiff and her counsel that their further pursuit of lawsuits and appeals with respect to the subject matter of these actions, if determined to be without legal or factual support, risks imposition on either or both of them by the district courts or by us of substantial sanctions.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.